UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>                    Plaintiff,<br><br>      v.<br><br>ICC-CCA; IDOC; SHANNON<br>CLUNEY; LISA BURKE; and JANE<br>DOES 1-3,<br><br>                    Defendants. | Case No. 1:12-cv-00351-BLW<br><br>**ORDER** |

Plaintiff, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se in this civil rights action. On September 1, 2017, the Honorable Edward J. Lodge struck Plaintiff's amended complaint because Plaintiff had not sought leave or court or obtained the written consent of Defendants as required by Federal Rule of Civil Procedure 15(a)(2). (Dkt. 43.) Plaintiff filed a motion to reconsider that ruling, which was denied. (Dkt. 58.) This case has since been reassigned to the undersigned.

Now pending before the Court are two motions filed by Plaintiff. Other motions are also pending but will be addressed at a later date.

**ORDER - 1**

1.      **Plaintiff's Motion to Amend**

Plaintiff filed a Motion to File an Amended Complaint on January 24, 2018, after dispositive motions were filed and long after the Court's deadline for amendment expired in August 2017. (Dkt. 62; *see* Dkt. 35 at 2.)

If a motion to amend is filed within the time limit set by the Court's scheduling order, the motion is governed by Rule 15 of the Federal Rules of Civil Procedure. In such a case, the courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, if a motion to amend is filed after the deadline for such motions has passed—as in this case—the motion may be granted only if the plaintiff shows good cause for the delay under Rule 16(b). *Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV 03-439-S-EJL-LMB, 2009 WL 10678683, at *2 (D. Idaho July 24, 2009); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists under Rule 16(b) when a deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension" or when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Millenkamp*, 2009 WL 10678683, at *4 (internal quotation marks omitted).

Plaintiff has not met his burden of establishing good cause. Allowing amendment after dispositive motions have been filed would not only cause undue delay but would also prejudice the only remaining Defendant. Further, the motion to amend is simply an

attempt to avoid the Court's earlier decision striking Plaintiff's amended complaint. For these reasons, Plaintiff's Motion to Amend will be denied.

**2.     Plaintiff's Request to Strike Defendant's Motion for Summary Judgment**

Defendant Burke's Motion for Summary Judgment was filed on January 10, 2018. (Dkt. 59.) Plaintiff, for some reason, did not receive a copy of the motion.[1] (*See* Dkt. 65.) Upon learning this, Defendant re-sent the motion to Plaintiff. (Dkt. 69 at 2.) The Court also sent Plaintiff a copy of the motion, and Plaintiff notified the Court on February 25, 2018 that he had received both copies. (*See* Dkt. 68.) Plaintiff now asks the Court to strike Defendant's Motion for Summary Judgment as untimely. (*Id*.)

Plaintiff's request will be denied. There is no evidence that Defendant failed initially to serve the motion on Plaintiff; indeed, the certificate of service shows that the motion was placed in the mail to be sent to Plaintiff. The motion presumably got lost in the mail, which does happen from time to time and which was not Defendant's fault. Plaintiff has now received the motion and he may respond to it. Therefore, good cause exists for the Court to grant Plaintiff's alternative request to issue a new deadline for Plaintiff to respond to Defendant Burke's Motion for Summary Judgment.

**ORDER**

**IT IS ORDERED:**

1.     Plaintiff's Motion to Amend (Dkt. 62) is DENIED.

---

[1]     Plaintiff does not contend that he did not receive Defendant's response to Plaintiff's Motion for Summary Judgment, which was sent at the same time as Defendant's Motion for Summary Judgment. (*See* Dkt. 52, 60.) Therefore, the Court presumes that Plaintiff received that response and chose not to file a reply. That motion is ripe for adjudication but will be considered at the same time as Defendant's Motion for Summary Judgment.

**ORDER - 3**

2.      Plaintiff's "Notice to the Court that the Clerk Served Plaintiff with a Copy of the Lisa Burke Motion for Summary Judgment" (Dkt. 68) is GRANTED IN PART, to the extent that Plaintiff must file his response to Defendant's Motion for Summary Judgment no later than 21 days after entry of this Order. The Notice is denied in all other respects.

3.      Defendant's optional reply in support of her Motion for Summary Judgment must be filed no later than 14 days after service of Plaintiff's response.


DATED: May 9, 2018

B. Lynn Winmill
Chief U.S. District Court Judge


**ORDER - 4**