Kirtlan G. Naylor    ISB No. 3569
Jacob H. Naylor    ISB No. 8474
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Suite 610
Boise, Idaho 83702
Telephone No. (208) 383-9511
Facsimile No.  (208) 383-9516
Email:  kirt@naylorhales.com; jake@naylorhales.com

Attorneys for Defendant Lisa Burke

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>       Plaintiff,<br><br>vs.<br><br>ICC-CCA; IDOC; SHANNON CLUNEY; LISA BURKE; and JANE DOES 1-3,<br><br>       Defendants. | Case No. 1:12-cv-00351-EJL<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BURKE'S MOTION FOR SUMMARY JUDGMENT (DKT. 59)** |

      Defendant Lisa Burke, by and through her attorneys of record, Naylor & Hales, P.C., hereby submits this Reply Memorandum In Support of Her Motion for Summary Judgment (Dkt. 59). Hayes has not rebutted any of Defendant Burke's evidence that establishes she was not individually involved in opening Hayes' legal mail with respect to the only two incidents at issue. Thus, summary judgment is appropriate for her as a matter of law, and Defendant Burke requests that his claim be dismissed.

**DEFENDANT BURKE'S SUMMARY JUDGMENT REPLY MEMORANDUM - 1.**

## ARGUMENT

### A. Hayes Has Failed to Establish an Issue of Material Fact and Summary Judgment Is Appropriate for Defendant Burke as a Matter of Law.

The material facts established by Defendant Burke in her original briefing remain unrebutted from Hayes' opposition materials. Of essential importance is that there is no dispute that Defendant Burke herself ever actually opened Hayes' legal mail. (Dkt. 59-2, ¶¶ 9-10) "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Defendant Burke's declaration and the corroborating documents in the record show that these two instances of legal mail being opened in error involved other employees, who correctly and accurately logged these instances according to IDOC, CCA, and ICC policy. (Dkt. 59-2, ¶¶ 9-10)

While Hayes alleges repeatedly that his legal mail was opened outside of his presence, this is not a determinative fact with respect to summary judgment. Liability under § 1983 is precluded in this case because Hayes has been unable to identify <u>any evidence</u> that Defendant Burke either opened his mail or had any individual participation with other employees who opened his legal mail. Hayes alleges that his legal mail was opened by persons in the mailroom, but the only remaining claim from the Ninth Circuit remand is an individual claim against Defendant Burke. It is clear from the record before this Court that Defendant Burke had no contemporaneous knowledge of the conduct of other employees nor is there evidence that she directed that the policies and procedures for inadvertent legal mail opening be ignored by those employees. In fact, it is clear that the employees under her supervision complied with required policies and procedures and that the two instances at issue here were inadvertent.

**DEFENDANT BURKE'S SUMMARY JUDGMENT REPLY MEMORANDUM - 2.**

Hayes makes additional allegations of a constitutional violation based on custom, policy, or supervision, but his *Monell* claim has already been dismissed. Hayes has the burden here to show evidence sufficient to create an issue of material fact that Defendant Burke <u>personally and individually</u> violated his rights by opening his legal mail, and he has failed to do that. Defendant Burke has specifically stated that she neither opened Hayes' legal mail herself nor did she have contemporaneous knowledge of Hayes' alleged legal mail being opened in December 2010 or March 2011 where she could have prevented such from happening. (Dkt. 59-3, ¶¶ 7-10) In fact, Hayes was notified of these inadvertent mistakes by different employees months apart <u>because they followed IDOC policy and procedure</u> to notify him that his legal mail was mistakenly opened.

Further, there is no respondeat superior liability under § 1983 claims of constitutional violation. *Taylor*, 880 F.2d at 1045. Instead, in order to prove that a supervisor is liable for a constitutional violation, a plaintiff must show that supervisor personally "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Again, Hayes has provided no evidence to rebut Defendant Burke's statements that she had no contemporaneous knowledge that Hayes' legal mail was opened by other employees, nor that she participated in or directed the erroneous opening of that mail. (Dkt. 59-2, ¶¶ 9-10)

Hayes' opposition only briefly addresses the two instances of alleged legal mail that were remanded by the Ninth Circuit, and merely repeats his conclusory allegations that Defendant Burke had responsibility to affirmatively stop other mailroom employees from inadvertently opening his legal mail.[1] This, again, is unavailing because the specific claims that have remained in this action

---

[1] However, Hayes now adds other allegations of instances where his legal mail was allegedly opened. These new allegations are inappropriate here and not at issue in this lawsuit.

**DEFENDANT BURKE'S SUMMARY JUDGMENT REPLY MEMORANDUM - 3.**

and at no time does Hayes ever identify evidence sufficient to create an issue of material fact to avoid summary judgment. There is no evidence that Defendant Burke violated Hayes' constitutional rights because she never opened his legal mail at all and had no involvement in any inadvertent opening of his legal mail by other employees. Thus, because there is no issue of material fact that Defendant Burke never opened either of this pieces of Hayes' "legal mail," dismissal is appropriate as a matter of law.

Ultimately, summary judgment is proper for Defendant Burke because Hayes has failed to create an issue of material fact that as the only remaining defendant in this action, she ever personally participated in the alleged improper opening of his "legal mail" on or about December 24, 2010, or March 1, 2011. Defendant Burke has clearly established that she is entitled to judgment as a matter of law.

## CONCLUSION

Defendant Burke renews her request that this Court grant her motion for summary judgment and dismiss the entirety of this action with prejudice, including denying Hayes' own motion for summary judgment.

DATED this 14th day of June, 2018.

                                NAYLOR & HALES, P.C.

                                By  /s/ Jacob H. Naylor, Of the Firm
                                Attorneys for Defendant Lisa Burke

**DEFENDANT BURKE'S SUMMARY JUDGMENT REPLY MEMORANDUM - 4.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

- **Leslie M. Hayes**, *Attorneys for IDOC and Cluney*
  leslie.hayes@ag.idaho.gov

I hereby certify that I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s).

Michael T. Hayes, #20633
I.S.C.C., G-4-1
P.O. Box 70010
Boise, ID 83707
*Plaintiff*

/s/ Jacob H. Naylor

**DEFENDANT BURKE'S SUMMARY JUDGMENT REPLY MEMORANDUM - 5.**